UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD WESTGARD,

    Petitioner,

v.

MARGARET GILBERT,

    Respondent.

CASE NO. 3:16-CV-05334-RBL-JRC

ORDER TO SHOW CAUSE AND FILE AN AMENDED PETITION

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Petitioner Donald Westgard proceeding *pro se* and *in forma pauperis* filed this habeas petition. Dkt. 5 It is unclear whether the petition contains claims related to petitioner's conditions of confinement or whether his claims challenge his conviction or sentence. The Court provides petitioner leave to file an amended pleading by June 20, 2016, to cure the deficiencies identified herein.

**A. Background**

Petitioner states that he was convicted in Montesano Superior Court of three counts of domestic violence. Dkt. 5. Petitioner states that he was sentenced to 27 months imprisonment on August 18, 2014. *Id.* at 1. Petitioner states that he did not appeal his conviction. *Id.* at 2.

Petitioner alleges that he is being held past his early earned release date. Dkt. 5 at 2. Petitioner alleges that while housed at Stafford Creek Corrections Center ("SCCC"), Department of Corrections ("DOC") employees failed to properly prepare his release documents and that SCCC maintains a policy, practice, or custom that impedes, hinders, and sabotages prisoners' earned early release dates. Dkt. 5 at 2-3. Petitioner also alleges that grievances are routinely rejected and prisoners are retaliated against when they complain of a counselor or staff member's actions or inactions. *Id.* at 3.

Petitioner alleges that he cannot get a fair hearing and that his right to due process has been violated by his local state court. *Id.* Petitioner alleges that the clerk routinely misplaces and hinders filings from prisoners at SCCC. *Id.*

Petitioner's requested relief is that the Court consider his "valid non frivolous issue/ground at being held beyond his release date." *Id.* at 3. The Court also notes petitioner has filed a letter stating that he was denied access to the Court's e-filing system. Dkt. 3. The Court advises petitioner that it received his proposed corrected petition and has considered it in this order to show cause. *See* Dkt. 5.

**B. Discussion**

A petition for writ of habeas corpus under 28 U.S.C. § 2254 is a cause of action in which a petitioner seeks to challenge his confinement in violation of the Constitution, law or treaties of

the United States. On the other hand, a 42 U.S.C. § 1983 civil rights cause of action may be brought for violation of an individual's federal constitutional rights.

1. Earned Early Release Date

Petitioner alleges that DOC and SCCC staff have held him beyond his earned early release date and failed to properly prepare his "release documents." Dkt. 5 at 2. Petitioner alleges that SCCC has a policy that impedes prisoners' ability to obtain earned early release. *Id.* at 3. However, it is unclear if petitioner is alleging that his due process rights were violated when DOC and SCCC staff failed to properly prepare his early release paperwork under § 1983 or if he is challenging his physical confinement, and is seeking immediate release under § 2254.

Petitioner may challenge a denial of good time credits in a habeas corpus petition. *Toussaint v. McCarthy,* 801 F.2d 1080, 1096 n. 14 (9th Cir. 1986); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Lumpkin v. Washington Corr. Ctr.,* 2009 WL 1794429, at *3 (W.D. Wash. June 23, 2009). If petitioner seeks to challenge the fact and duration of his custody, then the proper remedy is a habeas petition. However, petitioner admits on the face of his petition that he has not exhausted any state court remedies regarding this claim. Dkt. 5 at 1-2. Petitioner is required to exhaust each claim for habeas relief. A claim is considered exhausted when it has been fully and fairly presented to the state supreme court for resolution under federal law. *Anderson v. Harless,* 459 U.S. 4 (1982); *Harris v. Pulley,* 852 F.2d 1546, 1569–71 (9th Cir. 1988), *opinion amended on other grounds and superseded by* 885 F.2d 1354, *cert. denied,* 493 U.S. 1051 (1990). This means that petitioner should file a direct appeal or personal restraint petition in state court prior to seeking relief in federal court. If petitioner seeks to proceed in a habeas corpus action, he must show cause why his petition should not be dismissed without

prejudice so that he may exhaust his claim in state court. If petitioner believes that he can show cause, he is ordered to file an amended petition on or before June 20, 2016.

On the other hand, if petitioner seeks to challenge his due process rights under § 1983, he must file a civil rights complaint. The Ninth Circuit has made clear that a prisoner does not have any inherent or constitutional right to be released before the expiration of a valid sentence. *Bergen v. Spaulding,* 881 F.2d 719, 721 (9th Cir. 1989) (*citing Greenholtz v. Inmates of Neb. Pental & Corr. Complex,* 442 U.S. 1, 7 (1979)). *See also Haggard v. Curry,* 631 F.3d 931, 935 (9th Cir. 2010) (same). Nevertheless, a prisoner may have a protectable liberty interest if a state statute creates one. *Haggard,* 631 F.3d at 935 (*citing Bergen,* 881 F.2d at 721). "The state law giving rise to that liberty interest not only creates the interest but also defines its scope and prescribes its limits." *Id.* (*citing Pearson v. Muntz,* 606 F.3d 606, 611 (9th Cir. 2010)). If petitioner seeks to challenge his due process rights related to his earned early release date, he should file a separate civil rights complaint.

2. Retaliation

Moreover, petitioner's retaliation claims regarding violations of his First Amendment rights implicate the conditions of his confinement under § 1983 and not the fact or duration of his custody. Therefore, petitioner's retaliation claim cannot form the basis of habeas relief. Petitioner's First Amendment retaliation claims must be brought in a § 1983 civil rights complaint. If petitioner wishes to proceed with his retaliation claims, he should file a separate civil rights complaint.

**C. Instruction to Petitioner and the Clerk**

Petitioner has until June 20, 2016 to comply with this order. Petitioner's failure to file a response to the order to show cause and file an amended petition will result in the undersigned recommending that this petition be dismissed without prejudice. In his amended petition, petitioner must only assert claims challenging the fact or duration of his custody.

The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the original petition, and not as a supplement.

Petitioner may file a separate civil rights complaint pursuant to § 1983 challenging the conditions of his confinement, including his due process rights under the Fourteenth Amendment and First Amendment retaliation claims, on the form provided by the Court.

The clerk is directed to provide petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and forms for filing a 42 U.S.C. § 1983 civil rights complaint. The clerk is further directed to provide copies of this Order to Petitioner.

Dated this 24th day of May, 2016.

J. Richard Creatura
United States Magistrate Judge